IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

------------------------------------x
JAMES ROBINSON, an individual residing at 250 Pines : 
Bridge Road, Ossining, New York 10562,
: Civil Action No._____
                      Plaintiff,
:
          - against -
:
REESE COMMUNICATIONS COMPANIES, INC., d/b/a
RTC RELATIONSHIP MARKETING,
:
                    Defendant.
------------------------------------x

## COMPLAINT

       Plaintiff James Robinson ("Robinson") brings the following complaint against defendant Reese Communications Companies, Inc., d/b/a RTC Relationship Marketing ("RTC") for breach of contract, wrongful conversion and reckless and negligent handling of hundreds of Robinson's valuable photographic transparencies.

## NATURE OF THE ACTION

       1.    This action arises from the defendant advertising agency's failure to return to plaintiff James Robinson, a professional photographer, hundreds of valuable photographic transparencies that he entrusted to the agency and permitted it to use for a limited period of time based on the agency's representation that it would return the transparencies to him at the expiration of the agreed-upon usage period.

       2.    Today – some two years after the date on which defendant RTC Relationship Marketing was obligated to return to plaintiff his photographic transparencies – plaintiff's property has yet to be returned to him. In the face of plaintiff's repeated demands to defendant that it return the transparencies, defendant has stalled, made excuses, and utterly

31472420.DOC

refused to account for its wrongful conduct, either in returning the transparencies or providing plaintiff with monetary compensation for the value of the transparencies.

3. Defendant's breach of the parties' agreement, wrongful conversion and reckless and negligent handling of plaintiff's photographic transparencies has deprived plaintiff of his lawful interests to own and use his property, and has caused plaintiff great financial harm by rendering him unable to exploit his property.

## THE PARTIES

4. Plaintiff James Robinson is a resident of Westchester County, New York.

5. Upon information and belief, defendant Reese Communications Companies, Inc., d/b/a RTC Relationship Marketing ("RTC"), is a corporation organized under the laws of the District of Columbia, with its principal place of business at 1055 Thomas Jefferson Street, N.W., Washington, DC, 20007.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the plaintiff and the defendant and the amount in controversy exceeds $ 75,000, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1), (a)(2) & (c) because defendant resides in this District and a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

### Robinson's Highly Successful Photography Career

8. James Robinson is an accomplished professional photographer whose work has been featured in various publications, including Communications Arts magazine, Photo District News, Advertising Age and Adweek magazines. He has won numerous photography

citations and awards, including the PDN Nikon Award. Photography is not only Robinson's passion, but also, his livelihood.

9. Robinson has rendered photography services to, and continues to photograph on assignment for, numerous corporate, advertising and editorial clients. His photographic works have been featured in print advertising campaigns for BMW, Cingular Wireless, Mastercard, Sony, Lufthansa, IBM, Hyatt Resorts, Kawasaki Motorcycles, The Wall Street Journal, Exeter Academy, Nikon, and Bristol Myers Squibb.

**RTC Commissions Robinson to Create Photo Library**

10. On or about January 8, 2001, RTC commissioned Robinson to create a library of photographs for Bristol Myers Squibb to be available for use in a direct mail, consumer magazine, collateral and Internet advertising campaign. Thereafter, over the course of approximately two weeks, Robinson and his assistants undertook to create the photographs requested by RTC.

11. After completing his photography work, Robinson developed the film, edited the images and created a notebook containing hundreds of original, photographic transparencies that Robinson delivered to RTC. The original transparencies are the only embodiment of the photography services Robinson rendered to RTC.

12. In fulfilling RTC's request to create a photographic library, Robinson took over 200 rolls of film and incurred fees and expenses of $ 201,253.80.

13. Robinson agreed to permit RTC and its client to use the photographic transparencies for a period of two years. Under the parties' agreement, Robinson retained ownership of the original, photographic transparencies and RTC was required to return the transparencies to Robinson at the end of the two year usage period.

14.     On or about April 1, 2003, Robinson agreed to extend RTC's time to use the photographic transparencies in direct mail, collateral and Internet advertising for an additional two years. Under the parties' renewed agreement, Robinson continued to retain ownership of the original, photographic transparencies, and RTC was required to return the transparencies to Robinson at the end of the two year usage period.

**RTC Fails to Return Robinson's Transparencies and**
**Refuses to Compensate Robinson for its Wrongful Conduct**

15.     On April 1, 2005, RTC did not – and to date, has not – returned the original, photographic transparencies to Robinson.

16.     RTC has failed to compensate Robinson for the hundreds of transparencies it converted and has refused to return them to him, notwithstanding Robinson's repeated demands to RTC that it take some corrective action to remedy its wrongful conduct

## FIRST CLAIM FOR RELIEF

### Breach of Contract

17.     Plaintiff repeats and realleges paragraphs 1 through 16, which are incorporated by reference.

18.     RTC's agreement to return to Robinson his original, photographic transparencies upon the expiration of the two-year period during which Robinson authorized RTC to hold the transparencies is a valid, binding contract, establishing specific contractual obligations between RTC and Robinson.

19.     Robinson has performed all of his obligations to RTC under the terms and conditions of the parties' agreement.

20.     RTC has breached the parties' agreement by failing to return to Robinson his original, photographic transparencies.

21. As a result of RTC's breach of contract, Robinson has sustained damages in an amount to be determined at trial, including deprivation of the right to own, possess, enjoy, exploit and/or sell the original, photographic transparencies. Robinson is entitled to recover as damages the value of the transparencies, including interest and the cost, labor and expenses incurred by Robinson in creating them and/or the cost, labor and expenses of creating replacement transparencies.

## SECOND CLAIM FOR RELIEF
### Common Law Conversion

22. Plaintiff repeats and realleges paragraphs 1 through 16, which are incorporated by reference.

23. At all relevant times, Robinson owned and had a right to possession of the original, photographic transparencies that Robinson provided to RTC for a limited period of time.

24. Robinson's photographic transparencies were wrongfully converted by RTC when RTC failed to return them to Robinson upon the expiration the parties' agreed-upon usage period.

25. In failing to return to Robinson his original, photographic transparencies following the expiration of the time period during which Robinson authorized RTC to hold the transparencies, RTC intentionally assumed and exercised an unauthorized right of ownership to Robinson's property.

26. RTC's unauthorized exercise of the right of ownership over the photographic transparencies following the expiration of the time period during which Robinson authorized RTC to hold the transparencies has excluded Robinson from asserting or utilizing his proper rights of ownership.

27. RTC's intentional and willful conversion of Robinson's original, photographic transparencies was done with actual malice or such recklessness as to warrant the inference of malice.

28. As a direct and proximate result of RTC's wrongful conversion of Robinson's photographic transparencies, Robinson is entitled to return of the converted transparencies, or, to the extent that RTC cannot return the transparencies in their original state, Robinson is entitled to recover as damages the value of the transparencies, including interest and the cost, labor and expenses incurred by Robinson in creating them and/or the cost, labor and expenses of creating replacement transparencies.

## THIRD CLAIM FOR RELIEF

### Common Law Negligence

29. Plaintiff repeats and realleges paragraphs 1 through 16, which are incorporated by reference.

30. In taking possession of Robinson's original, photographic transparencies for a limited duration of time, and agreeing to return to Robinson his transparencies at the expiration of that period of time, RTC owed Robinson the duty of exercising reasonable care in holding, handling and dealing with his transparencies.

31. After Robinson contacted RTC to demand that RTC return the transparencies, an agent for RTC told Robinson that RTC lost the transparencies and, thus, was unable to return them to Robinson.

32. In losing Robinson's original, photographic transparencies, RTC failed in its duty to observe reasonable care in looking after the original, photographic transparencies which had been entrusted to it by Robinson.

33. RTC's reckless, grossly negligent or negligent misconduct in losing Robinson's original, photographic transparencies proximately caused Robinson damage in depriving Robinson of his right to own, possess, enjoy and/or sell the transparencies. As such, Robinson is entitled to recover as damages the value of the transparencies, including interest and the cost, labor and expenses incurred by Robinson in creating them and/or the cost, labor and expenses of creating replacement transparencies

## PRAYER FOR RELIEF

WHEREFORE, plaintiff James Robinson prays that this Court award him:

(1) Monetary damages in an amount to be determined at trial, but not less than $ 200,000;

(2) Punitive damages in an amount to be determined at trial;

(3) Interest to the extent provided by law;

(4) Reasonable costs of suit, including expert fees; and

(5) Such other relief, including attorneys' fees, as this Court may deem just and proper.

Plaintiff James Robinson requests a trial by jury.

Dated: New York, New York
May 14, 2007

*Of Counsel*

Thomas A. Smart  (not admitted)
Christopher D. Baker (not admitted)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

_____
David O. Bickart, #355313
KAYE SCHOLER LLP
901 15th Street, NW, Suite 1100
Washington, DC 20005
(202) 682-3500

*Attorneys for Plaintiff James Robinson*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
JAMES ROBINSON, an individual residing at 250 Pines Bridge Road, Ossining, New York 10562

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
KAYE SCHOLER LLP
901 15th Street, NW, Suite 1100
Washington, DC 20005
(202) 682-3500

## DEFENDANTS
REESE COMMUNICATIONS COMPANIES, INC., d/b/a RTC RELATIONSHIP MARKETING

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ⊙ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Diversity action under 28 USC 1332(a) for breach of contract, conversion and negligence for defendant's failure to return to plaintiff his property.

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐

DEMAND $ _____

JURY DEMAND: YES ☒ NO ☐

Check YES only if demanded in complaint

## VIII. RELATED CASE(S) IF ANY

(See instruction) YES ☐ NO ☐   If yes, please complete related case form.

DATE May 14, 2007    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.