IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

------------------------------------x

JAMES ROBINSON, an individual residing at 250 Pines Bridge Road, Ossining, New York 10562,

                Plaintiff,

- against -

REESE COMMUNICATIONS COMPANIES, INC., d/b/a RTC RELATIONSHIP MARKETING,

                Defendant.

------------------------------------x

Case No. 07-CV-0904 (RBW)

## FIRST AMENDED COMPLAINT

Plaintiff James Robinson ("Robinson") brings the following amended complaint against defendant Reese Communications Companies, Inc., d/b/a RTC Relationship Marketing ("RTC") for breach of contract, and in the alternative, breach of bailment, wrongful conversion and reckless and negligent handling of hundreds of Robinson's valuable photographic transparencies.

## NATURE OF THE ACTION

1.    This action arises from the defendant advertising agency's failure to return to plaintiff James Robinson, a professional photographer, hundreds of valuable photographic transparencies that he entrusted to the agency and permitted it to use for a limited period of time based on the agency's representation that it would return the transparencies to him at the expiration of the agreed-upon usage period.

2.    Today – some two years after the date on which defendant RTC Relationship Marketing was obligated to return to plaintiff his photographic transparencies – plaintiff's property has yet to be returned to him. In the face of plaintiff's repeated demands to defendant that it return the transparencies, defendant has stalled, made excuses, and utterly

~6453623.DOC

refused to account for its wrongful conduct, either in returning the transparencies or providing plaintiff with monetary compensation for the value of the transparencies.

3. Defendant's breach of the parties' agreement, breach of bailment, wrongful conversion and reckless and negligent handling of plaintiff's photographic transparencies has deprived plaintiff of his lawful interests to own and use his property, and has caused plaintiff great financial harm by rendering him unable to exploit his property.

## THE PARTIES

4. Plaintiff James Robinson is a resident of Westchester County, New York.

5. Upon information and belief, defendant Reese Communications Companies, Inc., d/b/a RTC Relationship Marketing ("RTC"), is a corporation organized under the laws of the District of Columbia, with its principal place of business at 1055 Thomas Jefferson Street, N.W., Washington, DC, 20007.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the plaintiff and the defendant and the amount in controversy exceeds $ 75,000, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1), (a)(2) & (c) because defendant resides in this District and a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

### Robinson's Highly Successful Photography Career

8. James Robinson is an accomplished professional photographer whose work has been featured in various publications, including Communications Arts magazine, Photo District News, Advertising Age and Adweek magazines. He has won numerous photography

citations and awards, including the PDN Nikon Award. Photography is not only Robinson's passion, but also, his livelihood.

9. Robinson has rendered photography services to, and continues to photograph on assignment for, numerous corporate, advertising and editorial clients. His photographic works have been featured in print advertising campaigns for BMW, Cingular Wireless, Mastercard, Sony, Lufthansa, IBM, Hyatt Resorts, Kawasaki Motorcycles, The Wall Street Journal, Exeter Academy, Nikon, and Bristol Myers Squibb.

**RTC Commissions Robinson to Create Photo Library**

10. On or about January 8, 2001, RTC commissioned Robinson to create a library of photographs for Bristol Myers Squibb to be available for use in a direct mail, consumer magazine, collateral and Internet advertising campaign. Thereafter, over the course of approximately two weeks, Robinson and his assistants undertook to create the photographs requested by RTC.

11. After completing his photography work, Robinson developed the film, edited the images and created a notebook containing hundreds of original, photographic transparencies that Robinson delivered to RTC. The original transparencies are the only embodiment of the photography services Robinson rendered to RTC.

12. In fulfilling RTC's request to create a photographic library, Robinson took over 200 rolls of film and incurred fees and expenses of $ 201,253.80.

13. Robinson agreed to permit RTC and its client to use the photographic transparencies for a period of two years. Under the parties' agreement, Robinson retained ownership of the original, photographic transparencies and RTC was required to return the transparencies to Robinson at the end of the two year usage period.

14. On or about April 1, 2003, Robinson agreed to extend RTC's time to use the photographic transparencies in direct mail, collateral and Internet advertising for an additional two years. Under the parties' renewed agreement, Robinson continued to retain ownership of the original, photographic transparencies, and RTC was required to return the transparencies to Robinson at the end of the two year usage period.

**RTC Fails to Return Robinson's Transparencies and**
**Refuses to Compensate Robinson for its Wrongful Conduct**

15. On April 1, 2005, RTC did not – and to date, has not – returned the original, photographic transparencies to Robinson.

16. RTC has failed to compensate Robinson for the hundreds of transparencies it converted and has refused to return them to him, notwithstanding Robinson's repeated demands to RTC that it take some corrective action to remedy its wrongful conduct

## FIRST CLAIM FOR RELIEF

### Breach of Contract

17. Plaintiff repeats and realleges paragraphs 1 through 16, which are incorporated by reference.

18. RTC's agreement to return to Robinson his original, photographic transparencies upon the expiration of the two-year period during which Robinson authorized RTC to hold the transparencies is a valid, binding contract, establishing specific contractual obligations between RTC and Robinson.

19. Robinson has performed all of his obligations to RTC under the terms and conditions of the parties' agreement.

20. RTC has breached the parties' agreement by failing to return to Robinson his original, photographic transparencies.

21.     As a result of RTC's breach of contract, Robinson has sustained damages in an amount to be determined at trial, including deprivation of the right to own, possess, enjoy, exploit and/or sell the original, photographic transparencies. Robinson is entitled to recover as damages the value of the transparencies, including interest and the cost, labor and expenses incurred by Robinson in creating them and/or the cost, labor and expenses of creating replacement transparencies.

## SECOND CLAIM FOR RELIEF

### Breach of Bailment

22.     Plaintiff repeats and realleges paragraphs 1 through 16, which are incorporated by reference.

23.     In the alternative to plaintiff's breach of contract claim, RTC is liable for breach of bailment.

24.     Robinson and RTC intended to create an express or implied bailment arising from Robinson's delivery of his original, photographic transparencies to RTC, and the parties' express or implied agreement that RTC would redeliver the transparencies to Robinson after RTC had finished using the transparencies for their intended purpose.

25.     RTC accepted and took possession of Robinson's photographic transparencies with the expectation of deriving benefit therefrom.

26.     RTC compensated Robinson as a result of the bailment.

27.     RTC breached the parties' express or implied bailment through its negligent and/or grossly negligent handling of the photographic transparencies and failure to return to Robinson his property in its original condition.

28.   As a result of RTC's breach of bailment, Robinson has sustained damages in an amount to be determined at trial, including deprivation of the right to own, possess, enjoy, exploit and/or sell the original, photographic transparencies. Robinson is entitled to recover as damages the value of the transparencies, including interest and the cost, labor and expenses incurred by Robinson in creating them and/or the cost, labor and expenses of creating replacement transparencies.

## THIRD CLAIM FOR RELIEF

### Common Law Conversion

29.   Plaintiff repeats and realleges paragraphs 1 through 16, which are incorporated by reference.

30.   In the alternative to plaintiff's breach of contract claim, RTC is liable for common law conversion.

31.   At all relevant times, Robinson owned and had a right to possession of the original, photographic transparencies that Robinson provided to RTC for a limited period of time.

32.   Robinson's photographic transparencies were wrongfully converted by RTC when RTC failed to return them to Robinson upon the expiration the parties' agreed-upon usage period.

33.   In failing to return to Robinson his original, photographic transparencies following the expiration of the time period during which Robinson authorized RTC to hold the transparencies, RTC intentionally assumed and exercised an unauthorized right of ownership to Robinson's property.

34.   RTC's unauthorized exercise of the right of ownership over the photographic transparencies following the expiration of the time period during which Robinson

authorized RTC to hold the transparencies has excluded Robinson from asserting or utilizing his proper rights of ownership.

35. RTC's intentional and willful conversion of Robinson's original, photographic transparencies was done with actual malice or such recklessness as to warrant the inference of malice.

36. As a direct and proximate result of RTC's wrongful conversion of Robinson's photographic transparencies, Robinson is entitled to return of the converted transparencies, or, to the extent that RTC cannot return the transparencies in their original state, Robinson is entitled to recover as damages the value of the transparencies, including interest and the cost, labor and expenses incurred by Robinson in creating them and/or the cost, labor and expenses of creating replacement transparencies.

## FOURTH CLAIM FOR RELIEF
### Common Law Negligence

37. Plaintiff repeats and realleges paragraphs 1 through 16, which are incorporated by reference.

38. In the alternative to plaintiff's breach of contract claim, RTC is liable for negligence.

39. In taking possession of Robinson's original, photographic transparencies for a limited duration of time, and agreeing to return to Robinson his transparencies at the expiration of that period of time, RTC owed Robinson the duty of exercising reasonable care in holding, handling and dealing with his transparencies.

40. After Robinson contacted RTC to demand that RTC return the transparencies, an agent for RTC told Robinson that RTC lost the transparencies and, thus, was unable to return them to Robinson.

41. In losing Robinson's original, photographic transparencies, RTC failed in its duty to observe reasonable care in looking after the original, photographic transparencies which had been entrusted to it by Robinson.

42. RTC's reckless, grossly negligent or negligent misconduct in losing Robinson's original, photographic transparencies proximately caused Robinson damage in depriving Robinson of his right to own, possess, enjoy and/or sell the transparencies. As such, Robinson is entitled to recover as damages the value of the transparencies, including interest and the cost, labor and expenses incurred by Robinson in creating them and/or the cost, labor and expenses of creating replacement transparencies.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff James Robinson prays that this Court award him:

(1) Monetary damages in an amount to be determined at trial, but not less than $ 200,000;

(2) Punitive damages in an amount to be determined at trial;

(3) Interest to the extent provided by law;

(4) Reasonable costs of suit, including expert fees; and

(5) Such other relief, including attorneys' fees, as this Court may deem just and proper.

Plaintiff James Robinson requests a trial by jury.

Dated: New York, New York
June 29, 2007

*Of Counsel*

Thomas A. Smart (not admitted)
Christopher D. Baker (not admitted)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

/s/ David Bickart

David O. Bickart, #355313
KAYE SCHOLER LLP
901 15th Street, NW, Suite 1100
Washington, DC 20005
(202) 682-3500

*Attorneys for Plaintiff James Robinson*