IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JAMES ROBINSON

    Plaintiff,

v.                                  Civil Action No. 1:07 cv.00904 (rbw)

REESE COMMUNICATIONS
COMPANIES, INC. d/b/a
RTC RELATIONSHIP MARKETING

    Defendant.
_____/

**DEFENDANT REESE COMMUNICATIONS COMPANIES, INC.
d/b/a RTC RELATIONSHIP MARKETING'S
ANSWER AND GROUNDS OF DEFENSE TO THE COMPLAINT**

COMES NOW, the defendant, Reese Communications Companies, Inc. d/b/a RTC Relationship Marketing, by counsel, and for its Answer and Grounds of Defense to the Complaint of James Robinson, states the following:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

In response to the specific allegations contained in the Complaint, the defendant states the following:

1.      The allegations contained in paragraph no. 1 are denied.

2.      The allegations contained in paragraph no. 2 are denied.

3.      The allegations contained in paragraph no. 3 are denied.

4.      The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph no. 4.

5. The allegations contained in paragraph no. 5 are admitted.

6. The allegations contained in paragraph no. 6 are denied. Specifically, the plaintiff has failed to allege his citizenship, and has merely alleged his residency, which is not sufficient to create subject matter jurisdiction under 28 U.S.C. § 1332. It is further denied that the amount in controversy exceeds $75,000.

7. The allegations contained in paragraph no. 7 are admitted.

8. The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph no. 8, other than to admit that James Robinson is a professional photographer.

9. The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph no. 9.

10. In response to the allegations contained in paragraph no. 10, it is admitted that the defendant commissioned and paid James Robinson to create a library of photographs for Bristol Myers Squibb. The defendant is without knowledge as to the truth or falsity of the remaining allegations contained in paragraph no. 10.

11. The allegations contained in paragraph no. 11 that certain photographic images were provided, and paid for by the defendant are admitted. The remaining allegations contained in paragraph no. 11 are denied.

12. In response to the allegations contained in paragraph no. 12, it is admitted that the defendant paid fees and expenses in excess of $201,000. The defendant is without knowledge as to the truth or falsity of the remaining allegations contained in paragraph no. 12.

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030-2514 • (703) 385-1000 • FAX (703) 385-1555

13. In response to the allegations contained in paragraph no. 13, it is admitted that RTC was permitted to use the photographs, as a client was permitted to use the photographs. The original agreement did not specify that Robinson was the owner of the photographic transparencies. The agreement was silent on this issue.

14. In response to the allegations contained in paragraph no. 14, it is admitted that an invoice was submitted concerning the set of photographs previously shot. The invoice number does not match the prior invoice numbers. The remaining allegations contained in paragraph no. 14 are denied.

15. In response to the allegations contained in paragraph no. 15, it is denied that RTC had the obligation to return the original photographic transparencies to James Robinson and admits that it has not returned the transparencies.

16. The allegations contained in paragraph no. 16 are denied. James Robinson has been compensated for the time and effort to shoot the photographs and also to use the photographs.

### First Claim for Relief

17. In response to the allegations contained in paragraph no. 17, the defendant incorporates its responses to the allegations contained in paragraph nos. 1 through 16.

18. The allegations contained in paragraph no. 18 are denied.

19. After reasonable investigation, the defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph no. 19.

20. The allegations contained in paragraph no. 20 are denied.

3

21. The allegations contained in paragraph no. 21 are denied.

## Second Claim for Relief

22. In response to the allegations contained in paragraph no. 22, the defendant incorporates its responses to the allegations contained in paragraph nos. 1 through 16.

23. The allegations contained in paragraph no. 23 are denied.

24. The allegations contained in paragraph no. 24 are denied.

25. The allegations contained in paragraph no. 25 are denied.

26. The allegations contained in paragraph no. 26 are denied.

27. The allegations contained in paragraph no. 27 are denied.

28. The allegations contained in paragraph no. 28 are denied.

## Third Claim for Relief

29. In response to the allegations contained in paragraph no. 29, the defendant incorporates its response to the allegations contained in paragraph nos. 1 through 16.

30. The allegations contained in paragraph no. 30 are denied.

31. The allegations contained in paragraph no. 31 are denied.

32. The allegations contained in paragraph no. 32 are denied.

33. The allegations contained in paragraph no. 33 are denied.

34. Any allegation not specifically admitted is hereby denied.

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030-2514 • (703) 385-1000 • FAX (703) 385-1555

### Third Defense

This defendant intends to rely on all defenses available at law as the facts of this case may show.

### Fourth Defense

The plaintiff's claims are barred by the doctrines of laches or statute of limitations.

### Fifth Defense

The negligence, if any, was the negligence of another.

### Sixth Defense

The defendant has fully performed the terms of the contract, and has paid for the photographs, and the use of the photographs.

### Seventh Defense

The plaintiff has failed to allege facts sufficient to support a claim for punitive damages.

### Eighth Defense

The plaintiff is not entitled to recover expert witness fees.

### Ninth Defense

The plaintiff is not entitled to recover attorney's fees.

WHEREFORE, having fully responded to the allegations contained in the Complaint, the defendant prays that the Complaint be dismissed, that judgment be entered in favor of the defendant and against the plaintiff, along with costs as allowed by law, and such other relief as the Court may deem appropriate.

5

## Jury Demand

The defendant demands a trial by jury on all issues.

Respectfully submitted,

**REESE COMMUNICATIONS COMPANIES, INC.
d/b/a RTC RELATIONSHIP MARKETING**
By Counsel

TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.

_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
3920 University Drive
Fairfax, Virginia  22030
Telephone:     (703) 385-1000
Facsimile:     (703) 385-1555
*Counsel for Defendants Reese Communications
Companies, Inc. d/b/a RTC Relationship Marketing*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Answer and Grounds of Defense** was served electronically on this 3rd day of July, 2007, to:

David O. Bricart
Kaye Scholer, LLP
901 15th Street, NW, Suite 1100
Washington, D.C.  20005
*Counsel for Plaintiff*

6

Anthony A. Fatemi, Esquire
Anthony Fatemi, L.L.C.
6701 Democracy Boulevard, Suite 300
Bethesda, Maryland 20817
*Of Counsel*

_____
Stephen A. Horvath