IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

------------------------------------------x
JAMES ROBINSON,                            :

                    Plaintiff,      :  Case No. 07-CV-0904 (RBW)

       - against -                        :

REESE COMMUNICATIONS COMPANIES, INC., d/b/a  :
RTC RELATIONSHIP MARKETING,                :

                    Defendant.      :
------------------------------------------x

## JOINT REPORT TO COURT AND PROPOSED ORDER

Plaintiff James Robinson ("Robinson") and defendant Reese Communications Companies, d/b/a RTC Relationship Marketing ("RTC"), having held a meeting of counsel pursuant to Rule 26(f), Fed. Rule Civ. P., Local Civil Rule 16.3, and the Court's Order for Initial Scheduling Conference, dated July 6, 2007, respectfully submit this Joint Report of that meeting:

**Discovery Schedule and Subjects of Discovery**

    1. The parties jointly agree to the following discovery schedule:

- Initial discovery pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be served by **October 12, 2007**.

- All fact discovery including responses to requests for production of documents and interrogatories, exchange of documents, and depositions of parties and nonparties, shall be completed by **December 21, 2007**.

- Any third parties to be joined, and any amendments to the pleadings, shall be completed by **December 21, 2007**.

- Plaintiff shall designate any experts he intends to call, and serve such expert reports by **December 21, 2007**. The parties may engage in additional discovery based on expert reports and opinions.

- Defendant shall designate any experts it intends to call, and serve such expert reports and rebuttal reports, if any, by **February 21, 2008**.

31533994.DOC

- Plaintiff's expert rebuttal reports, if any, shall be served by **March 13, 2008**.

- All expert discovery shall be completed by **April 14, 2008**.

- All dispositive motions shall be served by **May 2, 2008**.

2. The parties agree that, at this time, there is no need for discovery to be conducted in phases, except that fact discovery shall close prior to the close of expert discovery, subject to each party's right, for good cause shown, to request that fact discovery reopen during the expert discovery phase. The parties agree that the subjects on which discovery may be needed are: (1) ownership of the photographic transparencies at issue in this action; (2) the whereabouts of the photographic transparencies at issue in this action; (3) the value of the photographic transparencies at issue in this action; and (4) the contracts and agreements between the parties.

Robinson contends, and RTC disagrees, that additional subjects on which discovery may be needed are: (1) RTC's history of business dealings with Robinson, including its commission of Robinson to create the library of photographs at issue in this action; (2) RTC's polices and procedures for taking custody of, accounting for, safeguarding and returning transparencies, negatives and other photographic property to photographers RTC commissions; (3) efforts undertaken by RTC to locate and return the photographic transparencies at issue in this action following Robinson's request to RTC that the transparencies be returned; (4) RTC's revenue earned from exploitation of the library of photographs at issue in this action.

3. The parties have discussed the issue of preservation of discoverable information, including as it relates to preserving discoverable electronically stored information. The parties agree that electronically stored information responsive to either parties' discovery requests shall be produced to the requesting party in paper form.

**Statement Pursuant to Local Civil Rule 16.3(d)**

    4.    The parties have conferred and discussed the matters provided for in Local Civil Rule 16.3(c) and have reached the following agreements with respect to those matters:

- The case should not be assigned to a magistrate judge for trial.

- The case could benefit from the Court's ADR procedures; counsel have discussed with their clients mediating the parties' disputes, and the clients are agreeable to mediation. The parties are considering proposals to pursue other ADR procedures.

- Initial disclosures required by Rule 26(a) shall not be dispensed with and shall be made by October 12, 2007.

- Each party shall be limited to serving no more than 40 interrogatories, including parts and sub-parts, on each other party. RTC contends that nonparty, non-expert depositions should be limited to five per side. Robinson contends that no further limitations beyond the presumptive limit of 10 depositions per side, pursuant to Rule 30(a), Fed. R. Civ. P., are warranted.

- A protective order will be necessary.

- Trial should not be bifurcated or managed in phases.

**Statement of the Case and Statutory Bases for Causes of Action Alleged**

    5.    In or about January 2001, RTC retained Robinson to create a library of photographs for one of RTC's clients, Bristol Myers Squibb. RTC contends, but Robinson does not concede, that it paid Robinson all costs, fees and expenses associated with these photographs. Robinson created and delivered to RTC the library of photographs. The parties dispute the number of transparencies that were included in the library and the number that were ever in the possession of RTC. Robinson contends that RTC was obligated to return to Robinson the original transparencies upon the expiration of the usage period agreed to by the parties. Robinson demanded that RTC return to him the original transparencies, and RTC has not

returned the original transparencies to Robinson. RTC disputes any liability and disputes the value of the transparencies.

6. Robinson's four causes of action sound in contract and tort.

7. A proposed Order is submitted herewith.

Respectfully submitted,

KAYE SCHOLER LLP

Date: October __, 2007

By: /s/ David Bickart

David O. Bickart, D.C. Bar # 355313
901 15th Street, NW, Suite 1100
Washington, D.C. 20005
(202) 682-3500

Thomas A. Smart (*pro hac vice*)
Christopher D. Baker (*pro hac vice*)
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Plaintiff James Robinson*

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.

Date: October 4, 2007

By: /s/ Stephen A. Horvath

Stephen A. Horvath, D.C. Bar # 417137
3920 University Drive
Fairfax, Virginia 22030
(703) 385-1000

*Attorneys for Defendant Reese Communications Companies, Inc., d/b/a RTC Relationship Marketing*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

------------------------------------x
JAMES ROBINSON,                     :

                Plaintiff,   :   Case No. 07-CV-0904 (RBW)

      - against -                 :

REESE COMMUNICATIONS COMPANIES, INC., d/b/a :
RTC RELATIONSHIP MARKETING,

                Defendant.   :
------------------------------------x

### [PROPOSED] SCHEDULING ORDER

Pursuant to the parties' Joint Report, filed pursuant to Rule 26(f), Fed. Rule Civ. P., Local Civil Rule 16.3, and the Court's Order for Initial Scheduling Conference, dated July 6, 2007, the following schedule shall govern discovery in this action:

1. All fact discovery, including responses to requests for production of documents and interrogatories, exchange of documents, and depositions of parties and nonparties, shall be completed by **December 21, 2007**, with the exception that the parties may engage in additional discovery based on expert reports and opinions.

2. Any third parties to be joined, and any amendments to the pleadings, shall be completed by **December 21, 2007**.

3. Any third parties to be joined, and any amendments to the pleadings, shall be completed by **December 21, 2007**.

4. Plaintiff shall designate any experts he intends to call, and serve such expert reports by **December 21, 2007**.

5. Defendant shall designate any experts it intends to call, and serve such expert reports and rebuttal reports, if any, by **February 21, 2008**.

6. Plaintiff's expert rebuttal reports, if any, shall be served by **March 13, 2008**.

7. All expert discovery shall be completed by **April 14, 2008**.

8. All dispositive motions shall be served by **May 2, 2008**.

31533994.DOC

The parties shall promptly enter into a protective order governing the confidentiality of documents and deposition testimony.

October ___, 2007

                                        SO ORDERED.

                                        _____
                                        Honorable Reggie B. Walton
                                        United States District Judge